UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN DELACRUZ,

Plaintiff,

-v-

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

20-CV-4374 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Carmen Delacruz has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 21.)  Under that provision, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).

Delacruz commenced this suit on June 8, 2020, to challenge the denial of her applications for social security disability benefits and supplemental security income.  (*See* ECF No. 1.)  In advance of her appeal to this Court, Delacruz signed a retainer agreement authorizing Attorney Charles E. Binder to represent her.  (*See* ECF No. 23-1 at 2.)  That agreement required Delacruz to pay Binder up to 25% of any award of past-due benefits, subject to approval by this Court, if her case was remanded to the Social Security Administration and if, upon remand, she was awarded past-due benefits.  (*Id*.)  Delacruz filed a motion for judgment on the pleadings, supported by a memorandum of law, on March 15, 2021.  (ECF Nos. 14-15.)  The parties then stipulated to a remand of the action to the Commissioner of Social Security for further administrative proceedings.  (ECF No. 17.)  On April 23, 2021, the parties stipulated that the

1

Commissioner would pay Delacruz $5,731.56 for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  (ECF No. 20.)

On remand, Delacruz received a second hearing before an administrative law judge ("ALJ"), who found Delacruz not disabled.  (ECF No. 23 ¶ 5.)  The Appeals Council granted Delacruz's request for review and remanded the case for a new hearing and decision.  (*Id.* ¶ 6.) After a third hearing, an ALJ found Delacruz disabled.  (*Id.*)  Delacruz was awarded $128,252.70 in past-due benefits.  (ECF No. 23-1 at 11.)

Binder now seeks $32,063.18 in attorney's fees.  (ECF No. 21-1.)  In support, Binder submits a memorandum (ECF No. 22), the retainer agreement (ECF No. 23-1 at 2), and an affirmation that lists the hours that Binder's firm spent on Delacruz's case before this Court, which totaled 27 hours (ECF No. 23 ¶¶ 8, 10, 12; *see also* ECF No. 23-1 at 5).  Binder's requested fees therefore equal an hourly rate of $1,187.53.  Defendant does not take a position on the motion.  (ECF No. 25.)

In determining whether a fee award is reasonable under § 406(b), courts must consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement."  *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (footnote omitted) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "[A]s a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel."  *Id.* (citing *Gisbrecht*, 535 U.S. at 808).

The $32,063.18 that Binder seeks is not more than the statutory maximum of 25% of Delacruz's past-due benefits award.  *See* 42 U.S.C. § 406(b).  The fees requested are also reasonable under the *Gisbrecht* considerations.  Binder, who has represented Delacruz since

2

2020, obtained a fully favorable and uncontested decision from the Social Security Administration after a remand to the agency and an inter-agency appeal from an unfavorable ALJ decision.  There is no evidence that Binder caused any undue delay, and Binder timely filed his motion within fourteen days of receiving notice of the award on remand.  *See Sinkler v. Berryhill*, 932 F.3d 83, 87 (2d Cir. 2019).  There is also no indication of fraud or overreaching in the making of the agreement.  Moreover, the de facto hourly rate in this case is within the typical range and is justified by Binder's long-term representation of Delacruz and his firm's "substantial experience and expertise" in agency adjudication.  (ECF No. 23 ¶¶ 9, 11, 13.) *Fields*, 24 F.4th at 854-56 (approving a $1,556.98 hourly rate charged by the same firm at issue here in a separate social security benefits case); *see also Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases approving hourly fees ranging from $1,072.17 to $2,100 given efficient and impressive work from counsel).

For the foregoing reasons, the motion for attorney's fees in the amount of $32,063.18 is GRANTED.  Upon receipt of this sum, Binder shall refund the previously awarded $5,731.56 in attorney's fees under the Equal Access to Justice Act directly to Delacruz.

The Clerk of Court is directed to close the motion at Docket Number 21.

SO ORDERED.

Dated: March 27, 2026
  New York, New York

_____
J. PAUL OETKEN
United States District Judge

3